I. A. WYANT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4658. Promulgated March 25, 1946.

*Allin H. Pierce, Esq.*, for the petitioner.
*William F. Robinson, Esq.*, for the respondent.

OPINION.

VAN FOSSAN, *Judge*: The issue raised by the pleadings, and as stated by the parties at the hearing, is confined to the question of whether or not the petitioner is taxable, under section 22 (a) of the Internal Revenue Code and the rule of *Helvering* v. *Clifford*, 309 U. S. 331, upon the income of the trusts created by him in 1934 and 1935.

The respondent has determined, and here contends, that the petitioner never parted with the economic control of the corpora of the several trusts; that he remained in substance the owner thereof; and that the income arising therefrom is consequently taxable to him.

The answer to the question involved requires an analysis of the terms of the trusts and a consideration of all the circumstances at-

tendant on their creation and operation. *Helvering* v. *Clifford, supra.* If the powers retained by the grantor over the trust are so substantial that he remains in effect the owner thereof, the trust income is taxable to him as his own.

In so far as the stated question relates to the trusts for the minor children, we think it must be answered affirmatively. That the primary purpose of each of these trusts was to discharge the legal obligations of the petitioner can not well be doubted. The trusts were declared to be for the education, care, and maintenance of the respective beneficiaries. In order to carry out this purpose the petitioner retained complete control over the accumulation and distribution of the trust income. The trust instruments provided that the income should be accumulated during the minority of the beneficiaries, unless otherwise directed by the petitioner or his wife during their respective lifetimes and, after their deaths, in the sole discretion of the trustee. The trustee, however, had no discretion during the life of the petitioner or his wife, but was bound to distribute the income whenever so directed by either of them. The petitioner, therefore, had plenary power over the trust income during the minority of his children and could have it distributed for any purpose whatsoever or accumulated at will. Such sums as were distributed at his direction or that of his wife, who had no adverse interest, were, in accordance with the declared purpose of each trust, to be used to discharge the petitioner's legal obligations toward his children.

In this respect the instant case is closely similar to *Whitely* v. *Commissioner*, 120 Fed. (2d) 782. There, as here, the donor created separate trusts for his minor children, naming a banking corporation as trustee. Each trust provided that the trustee should pay the income to the donor if and when so ordered by him during the minority of the child, to be used solely for the support, maintenance, education, and enjoyment of the child. If not called for, the income was to be reinvested. During the taxable year there involved none of the trust income was used for the maintenance of the beneficiaries. It was held, however, that the donor was taxable upon the income of the trusts under section 22 (a), the court saying that he could have received the trust income and applied it to the support of his minor children; that he did not do so, but left it to accumulate for them; and that he "controlled the use of the money and had the same non-material satisfaction as the taxpayer in the *Horst* case." (*Helvering* v. *Horst*, 311 U. S. 112.)

The powers retained by the petitioner here were equally as broad as those retained in the *Whiteley* case. The petitioner points out that in the *Whiteley* case the income was to be paid directly to the grantor of the trusts, whereas in the instant case such amounts as are distributable are to be paid directly to the beneficiary. While the

language of the trusts seems to support the petitioner in this, the fact is not controlling. We have here an intimate family group, such as was present in the *Clifford* case, *supra*, and it may fairly be presumed that the minor children would be amenable to their father's wishes with respect to the application of the income.

Other controls were retained over the trusts by the petitioner which further evidence his ownership thereof. In addition to the provisions relating to income, the trust instruments authorize the trustee to make "emergency" payments out of principal for the education, support, care, maintenance, and general welfare of the beneficiaries, thus subjecting the corpora of the trusts to the discharge of the petitioner's legal obligations. Cf. *Frederick B. Rentschler*, 1 T. C. 814.

During most of the period here involved the petitioner had also the power to alter or amend the manner of the distribution to the beneficiary. This power was limited only by provision that the trust should not be extended beyond the time when the beneficiary should reach the age of 40 and that the beneficiary should not be deprived of the principal of the trust estate. Until such time elapsed, however, the petitioner had complete control over the distribution of both the income and corpus and could withhold from the beneficiary or make distributions to him as he saw fit. This power over the corpus of each of the trusts is tantamount to a power to terminate the trust and to distribute the corpus to the beneficiary at will. We held in *Lorenz Iversen*, 3 T. C. 756, that such a power adds materially to the "bundle of rights" under which a grantor's liability under section 22 (a) is imposed.

The cumulative effect of the rights retained by the petitioner compels the conclusion we have reached. We hold, therefore, that the respondent did not err in his determination in so far as that determination applies to the trusts of the petitioner's minor children.

With respect to the trust for the benefit of Michael J. Wyant, however, we are of the opinion that a different result is required. That trust was not for the benefit of a minor child of the petitioner. The beneficiary had already reached his majority at the time the trust was created. The trust made no provision for accumulation of income, but provided that such income should be paid to the beneficiary at monthly intervals for life. The petitioner had no right or power to receive the trust income or to have it applied in satisfaction of his own obligations. Thus he could not receive the economic benefits from this trust which he might derive from the trusts for the benefit of the minor children.

It is true that the petitioner retained the power by amendment to alter or amend the manner of distribution to the beneficiary. We do not think, however, that this is sufficient to warrant taxing the income of the trust to the petitioner. He did not have the power, as did

the grantor in *Commissioner* v. *Buck*, 120 Fed. (2d) 775, "freely to sprinkle the income about among any beneficiaries he may select," since here Michael J. Wyant was the sole beneficiary of the trust. Furthermore, he could not withhold all beneficial interest from the beneficiary and distribute it to the remaindermen, since it was provided that under no amendment to the trust could the beneficiary be deprived of the ultimate disposal of the principal of the trust estate. This circumstance distinguishes the instant case from *Stockstrom* v. *Commissioner*, 148 Fed. (2d) 491. In this respect the case at bar is more closely akin to *Hall* v. *Commissioner*, 150 Fed. (2d) 304.

We hold, therefore, that the petitioner did not retain such dominion or control over the trust for Michael J. Wyant as to render him taxable on the income thereof under section 22 (a).

*Decision will be entered under Rule 50.*